United States District Court
Southern District of Texas
**ENTERED**
December 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RAUL N. GARCIA, §<br>§<br>Plaintiff, §<br>§<br>VS. §<br>§<br>U.S. BANK TRUST, N.A., AS §<br>TRUSTEE FOR LSF9 MASTER §<br>PARTICIPATION TRUST, §<br>CALIBER HOME LOANS, AND §<br>SUBSTITUTE TRUSETEE DAVID §<br>R. KARLE, §<br>§<br>Defendants. § | CIVIL ACTION NO. 7:21-cv-00387 |

## OPINION AND ORDER

The Court now considers "Defendants' Motion to Dismiss and Brief in Support"[1] filed by Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust and David R. Karle. Plaintiff has not filed a response and the time for doing so has passed, rendering the motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities the Court **GRANTS** the motion to dismiss.

**I. BACKGROUND**

This is a foreclosure case involving 1523 Orchid Ave, McAllen, Texas 78504 (Subject Property).[3] Plaintiff Raul N. Garcia initially filed this suit in Hidalgo County Court on October 4, 2021 against U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

---

[1] Dkt. No. 5.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-1 at 7.

As an initial matter, the Court addresses the issue of named Defendant Caliber Home Loans. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." No allegation has been made in the notice of removal that Caliber Home Loans consents to the removal of the action. Thus, the Court addresses whether Caliber Home Loans has been properly joined and served. Attached to the notice of removal is a signed service of process by David Karle, as substitute trustee for Caliber Home Loans.[13] However, while the style of Plaintiff's original petition names Caliber Home Loans as a Defendant, the body of the petition raises no claims against Caliber Home Loans.[14] In fact, the petition never mentions Caliber Home Loans in the body of the petition, not even in the section discussing parties.[15] Accordingly, the Court **DISMISSES** Caliber Home Loans from this action and finds that it's consent was not necessary for the removal of this action to this Court.

2. *Substitute Trustee, David R. Karle*

Defendant argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is diversity of citizenship because the citizenship of the non-diverse substitute trustee David R. Karle should be disregarded, as an improperly joined defendant.[16] An improperly joined non-diverse defendant does not prevent successful removal to federal court based on diversity jurisdiction.[17] Joinder is improper when a

---

[13] Dkt. No. 1-1 at 35.
[14] Dkt. No. 1-1 at 5.
[15] *Id.* at 6-7.
[16] Dkt. No. 1 at 4.
[17] *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) ("[T]he presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.")); *Lassberg*, 660 F. App'x at 266 (citing *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("A party to a complaint is 'nominal' and thus disregarded for diversity purposes if 'in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'")); *Smallwood v Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004); *Chesapeake & Ohio R.R. v. Cockrell,* 232 U.S. 146, 152 (1914) (diverse

plaintiff is unable to establish a cause of action against the non-diverse party in state court.[18] The Texas Property Code provides immunity to substitute trustees acting in good faith and within the scope of their authority.[19] Because Plaintiff does not allege bad faith on behalf of substitute trustee David R. Karle or that he acted outside the scope of his duties,[20] he is immune from suit and thus improperly joined in this action. Accordingly, the Court **DISMISSES** substitute trustee David R. Karle from this action and finds diversity jurisdiction under 18 U.S.C. § 1332 proper in this case.

Accordingly, Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is the only remaining Defendant in this case.

**b. Legal Standard**

The Court uses federal pleading standards to determine the sufficiency of a complaint.[21] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges a plaintiff's right to relief based upon those facts."[22] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] The Court reads the complaint as a whole[24] and accepts all well-pleaded facts as true (even if

---

defendants, upon showing that joinder of nondiverse party was "without right and made in bad faith," may successfully remove the action to federal court).
[18] *Smallwood.*, 385 F.3d at 573 (5th Cir. 2005). (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).
[19] Tex. Prop. Code § 51.007; *Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x 274, 277 (5th Cir. 2014) ("[T]he Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors . . . [Plaintiff] does not provide any allegations that [Defendant Trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.").
[20] Dkt. No. 1-3.
[21] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[22] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[24] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

doubtful or suspect[25]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[26]), but will not strain to find inferences favorable to the plaintiff,[27] but also will not indulge competing reasonable inferences that favor the Defendant.[28] A plaintiff need not plead evidence[29] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[30] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[31]

In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[32] as not entitled to the assumption of truth,[33] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[34] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] Courts have "jettisoned the

---

[25] *Twombly*, 550 U.S. at 555–56.
[26] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).
[27] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[28] See *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[29] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[30] See *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[31] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); see also *id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[32] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[33] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[34] *Iqbal*, 556 U.S. at 678–79; see also *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").
[35] *Iqbal*, 556 U.S. at 678.

[earlier] minimum notice pleading requirement"[36] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[37] because discovery is not a license to fish for a colorable claim.[38] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[39] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[40]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[41] Attachments to the complaint become part of the pleadings for all purposes,[42] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[43] except in the case of affidavits.[44] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[45] but not if the material is a matter of public record[46] and not if a

---

[36] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[37] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).
[38] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").
[39] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[40] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).
[41] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[42] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[43] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014).
[44] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[45] FED. R. CIV. P. 12(d).
[46] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[47]

    **c. Analysis**

As a preliminary matter, the Court notes that Defendant has included a Notice of Appearance of Counsel for Juan Angel Guerra with its removal.[48] Juan Angel Guerra was suspended by this Court on October 21, 2021 for a period of six months.[49] As a part of that order, Juan Angel Guerra was ordered:

> [I]n all cases in which he is presently representing a party in a case before the United States District Court for the Southern District of Texas and in all future cases in which Attorney Guerrera represents a party in a case that is removed to this Court or otherwise brought under this Court's jurisdiction, to immediately notify his client or clients that he has been sanctioned by this Court, that he is not licensed to practice in the Southern District of Texas, and that his client or clients must retain new counsel or they will be considered to be proceeding pro se until such time as Attorney Guerra's license to practice before this Court is renewed or reinstated.[50]

No other counsel has entered an appearance for Plaintiff, thus, Plaintiff in this case will be deemed as proceeding *pro se*.

Defendant's motion argues that Plaintiff fails to state a claim upon which relief can be granted.[51] Because Plaintiff is proceeding *pro se,* the Court has construed his pleadings liberally.[52]

    *1. Illegal Foreclosure*

Under the section entitled "Illegal Foreclosure," Plaintiff alleges that he never received any notice of the foreclosure as required by law," and that "[t]herefore, the foreclosure posting

---

[47] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[48] Dkt. No. 1-1 at 20.
[49] Civil Action No. 7:21-cv-00389, Dkt. No. 5.
[50] *Id.* at 2.
[51] Dkt. No. 6.
[52] *See SEC v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir.1993).

do[*sic*] not follow the steps mandated by statute."[53] To the extent Plaintiff brings a wrongful foreclosure action, Plaintiff does not allege that a foreclosure occurred or that he sustained any material injury.[54] "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[55] Because Plaintiff fails to allege that a foreclosure occurred, he cannot meet the elements of "wrongful foreclosure." Accordingly, this cause of action fails to state a claim upon which relief can be granted.

   2. *The Breach Letter*

Plaintiff also includes a section entitled "The Breach Letter," which provides:

> Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach of demand letter, informing Plaintiffs that their loan is in default before it can accelerate the loan and proceed with foreclosure.

As this Court previously held regarding this exact language, insofar as a breach of contract claim was intended under this self-styled cause of action, it fails.[56] To prevail on a breach of contract claim under Texas law, a plaintiff must demonstrate "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[57] Any breach of contract claim here would presumably arise from a breach of the promissory note or deed of trust as this is a preemptive foreclosure lawsuit. The Fifth Circuit has explained that "a claim for breach of a note and deed of trust must identify the specific contractual provision in the contract that was breached."[58]  Plaintiff not only fails to identify the specific contractual provision that was

---

[53] Dkt. No. 1-1 at 8.
[54] *See* Dkt. No. 1-1 at 9.
[55] *See Water Dynamics, Ltd. v. HSBC Bank USA, NA*, 509 F. App'x 367, 368 (5th Cir. 2013); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).
[56] *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *3 (S.D. Tex. Feb. 1, 2018).
[57] *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[58] *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014).

breached, but they also acknowledge their failure to perform under the promissory note by missing payment deadlines. Additionally, Plaintiff does not specify what damages he suffered and how those damages were caused by a breach of contract. As a result, Plaintiff is unable to establish a breach of contract claim.

### 3. Notice of Default and Intent to Accelerate

Plaintiff further alleges that Defendant did not comply with the Texas Property Code.[59] Specifically, Plaintiff states:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendants did not comply with said requirement pursuant to the Texas Property Code. From information and belief, Defendants did not comply with the requirements pursuant to the Texas Property Code.[60]

The Texas Property Code § 51.002(d) provides that "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust...on real property used as the debtor's residence with written notice...that the debtor is in default...and giving the debtor at least 20 days to cure the default before notice of sale can be given[.]"[61] The Code further provides that if the debtor does not cure the default within twenty days, "the mortgage servicer must provide notice of sale pursuant to procedures specified in the Texas Property Code at least 21 days before the date of sale."[62] However, even if notice of default was not provided to Plaintiff in this case, "[f]ailure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide Plaintiff with a cause of

---

[59] Dkt. No. 1-1 at 10.
[60] *Id.*
[61] TEX. PROP. CODE § 51.002(d).
[62] *Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) (citing TEX. PROP. CODE § 51.002(b).

action prior to an actual foreclosure sale."[63] Plaintiff can only bring a cause of action under either provision if he alleges that a sale has occurred.[64] More specifically, "[w]here a temporary restraining order is issued preventing [a] [d]efendant from conducting a foreclosure sale, [a] [p]laintiff…fail[s] to allege a § 51.002 claim upon which relief can be granted unless a subsequent foreclosure sale occurs."[65]

Here, the state court issued a temporary restraining orders preventing Defendant from foreclosing on the Property.[66] Moreover, Plaintiff has provided no evidence that Defendant subsequently foreclosed on the Property. Accordingly, Plaintiff fails to state a claim under the Texas Property Code upon which relief can be granted.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that Plaintiff failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motion to dismiss.[67] All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue, pursuant to Rule 56.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of December 2021.

_____
Micaela Alvarez
United States District Judge

---

[63] *Id.* (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)).
[64] *Cruz*, 2018 WL 689610 at *3 (citing *id.*).
[65] *Id.*
[66] Dkt. No. 1-1 at 26.
[67] Dkt. No. 6.